UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION


FILED
DEC 13 2016

| | |
|---|---|
| KELLY McCOLLAM and MICHELLE McCOLLAM, As Special Administrators of the Estate of Danielle McCollam,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHELS CORPORATION, a Wisconsin Corporation, and JAMES WEATHERMAN, a Missouri resident<br><br>Defendants | CIV. #16-4170<br><br>COMPLAINT AND DEMAND FOR TRIAL BY JURY |

COMES NOW the Plaintiffs, and for their Complaint against the above-named Defendants, state and allege as follows.

## PARTIES

1. Danielle McCollam died on July 18, 2016, as the result of a vehicle collision that occurred that same day. The Plaintiffs in this action are Kelly and Michelle McCollam (the "McCollams"), the parents of Danielle McCollam, deceased. On October 11, 2016, the McCollams were appointed as Special Administrators of the Estate of Danielle McCollam in Circuit Court, Fifth Judicial Circuit, County of Walworth, State of South Dakota. At the time of her death, Danielle McCollam was a resident of Walworth County, South Dakota, and thus, pursuant to 28 U.S.C. § 1332(c)(2), the Plaintiffs are deemed citizens of South Dakota. Pursuant to SDCL 21-5-5 et seq, Kelly and Michelle McCollam, and their three sons Kody McCollam, Skyler McCollam and Caelan McCollam are the wrongful death beneficiaries in this matter.

1

2. Defendant Michels Corporation is a corporation duly organized and existing under the law of the State of Wisconsin, with its principal place of business in Brownsville, Wisconsin.

3. Defendant James Weatherman is a citizen of the State of Missouri, and at the time of the collision, Weatherman was working within the scope of his employment as an employee of Michels Pipeline, a division of the Defendant Michels Corporation.

## JURISDICTION AND VENUE

4. Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceed the sum of $75,000.

5. A substantial part of the events giving rise to this action occurred in South Dakota, and thus venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2)

## FACTS

6. On or about July 18, 2016, Danielle McCollam was driving her 2015 Ford Fusion vehicle northbound on United States Highway 83 near mile marker 218 in Campbell County, South Dakota.

7. At the same time, on or about July 18, 2016, Defendant Weatherman was driving a 2008 Ford F-250 Super-Duty pick-up truck southbound on United States Highway 83 also near mile marker 218 in Campbell County, South Dakota.

8. Defendant Weatherman veered across the centerline of United States Highway 83, completing crossing into the northbound lane of traffic and struck Danielle's vehicle head-on. Danielle's vehicle spun out of control and came to result on the east shoulder of the road. Defendant Weatherman's vehicle overturned onto its passenger side and continued to skid

down the length of the highway in the southbound land Defendant Weatherman's vehicle rolled over again onto all four tires and came to rest in the west ditch

9. Danielle McCollam was pronounced dead at the scene of the crash.

10. Defendant Weatherman ingested narcotic medications before the collision.

11. Defendant Weatherman was using his cell phone at or around the time of the collision.

12. The Plaintiffs allege upon information and belief that Defendant Waterman was working within the scope of his employment for Michels Pipeline, a division of the Defendant Michels Pipeline, at the time of the collision.

13. The Plaintiffs further allege upon information and belief that at the time of the collision, Defendant Weatherman held a supervisory position as a foreman for Michels Pipeline, a division of Defendant Michels Corporation

14. Defendant Weatherman has a significant record of driving-related infractions and has had his license revoked four times and suspended seven times by the State of Missouri before this crash

## COUNT I
### *Wrongful Death Against Both Defendants*

15 Plaintiffs hereby reallege paragraphs 1-10 of this Complaint and hereby incorporate them as if fully set forth herein.

16. Defendant Weatherman owed a duty of care to the Plaintiffs and Danielle McCollam to exercise ordinary care and awareness in the operation, management, maintenance and control of his vehicle, including, but not limited to, a duty to operate his vehicle in a safe and reasonable manner, a duty to use the vehicle in a safe and reasonable

manner, and a duty to travel along the streets and roads located in the State of South Dakota in a safe and reasonable manner.

17. At the time of the collision, Defendant Weatherman negligently and carelessly departed from the proper standard of care which caused the collision. Defendant Weatherman breached his duties owed to the Plaintiffs and Danielle McCollam by negligently operating his vehicle, by negligently using his vehicle, by negligently traveling along the roads and streets located in the State of South Dakota, and in several respects, including, but not limited to:

(a) Failing to keep a proper lookout for other vehicles;

(b) Failing to keep his vehicle under control;

(c) Failing to obey all traffic laws, including but not limited to, failing to drive in his own lane of traffic;

(d) Being distracted by using his cell phone while driving;

(e) Ingesting medication which compromised his awareness, alertness and ability to drive safely; and

(f) Otherwise generally failing to operate his vehicle in a safe and prudent manner.

18. Defendant Weatherman's breach of duties owed to the Plaintiffs and Danielle McCollam were the direct and proximate cause of the wrongful death of Danielle McCollam and directly and proximately resulted in substantial injuries and damages to the Plaintiffs, including, but not limited to, economic loss and the loss of Danielle's love, support, comfort, aid, counsel, society, companionship, guidance and services, the loss of income, and pain and suffering.

16. Defendant Weatherman's actions were malicious, whether express or implied, and done in willful, wanton and reckless disregard of the rights of the Plaintiffs and Danielle McCollam, entitling them to punitive damages under South Dakota law.

17. At all times relevant hereto, Defendant Weatherman was acting within the scope of his actual, express, apparent, and/or implied authority, as well as acting within the scope of his employment duties for Michels Pipeline, a division of Defendant Michels Corporation.

18. The conduct of Defendant Weatherman that resulted in this collision with Danielle McCollam was reasonable foreseeable, and therefore, imputable to Defendant Michels Corporation under the doctrine of Respondeat Superior.

19. As a foreman, Defendant Weatherman was employed in a managerial capacity and acting within the scope of his employment at the time of the collision, thereby making any award of punitive damages against Defendant Weatherman imputable to Defendant Michels Corporation.

20. Alternatively, Defendant Weatherman was unfit to drive a vehicle and Defendant Michels was reckless in employing him or retaining him to do so, thereby making any award of punitive damages against Defendant Weatherman imputable to Defendant Michel Corporation.

## COUNT II
*Survival Action Against Both Defendants*

20. The Plaintiffs hereby reallege paragraphs 1-20 and incorporate them as if fully set forth herein.

21. Danielle McCollam did not die immediately as a result of the accident.

22.     Defendant Weatherman owed a duty of care to the Plaintiffs and Danielle McCollam to exercise ordinary care and awareness in the operation, management, maintenance and control of his vehicle, including, but not limited to, a duty to operate his vehicle in a safe and reasonable manner, a duty to use the vehicle in a safe and reasonable manner, and a duty to travel along the streets and roads located in the State of South Dakota in a safe and reasonable manner

23     At the time of the collision, Defendant Weatherman negligently and carelessly departed from the proper standard of care which caused the collision. Defendant Weatherman breached his duties owed to the Plaintiffs and Danielle McCollam by negligently operating his vehicle, by negligently using his vehicle, by negligently traveling along the roads and streets located in the State of South Dakota, and in several respects, including, but not limited to:

   (a)    Failing to keep a proper lookout for other vehicles,

   (b)    Failing to keep his vehicle under control;

   (c)    Failing to obey all traffic laws, including but not limited to, failing to drive in his own lane of traffic;

   (d)    Being distracted by using his cell phone while driving;

   (e)    Ingesting medication which compromised his awareness, alertness and ability to drive safely; and

   (f)    Otherwise generally failing to operate his vehicle in a safe and prudent manner

24.    Defendant Weatherman's breach of duties owed to the Plaintiffs and Danielle McCollam caused Danielle to suffer pre-impact fear, post-impact fright; severe emotional distress, and conscious pain and suffering prior to his death; property damage to her vehicle; and funeral expenses. Such damages were the direct and proximate result of the negligent and

wrongful actions of Defendant Weatherman for which he is liable. Danielle's cause of action for such damages against Defendant Weatherman resulting from the breach of his duties survived his death pursuant to SDCL 15-4-1 *et seq.*

25. Defendant Weatherman's actions were malicious (whether express or implied), and done in willful, wanton and reckless disregard of the rights of the Plaintiffs and Danielle McCollam, entitling them to punitive damages under South Dakota law.

26. As a foreman, Defendant Weatherman was employed in a managerial capacity and acting within the scope of his employment at the time of the collision, thereby making any award of punitive damages against Defendant Weatherman imputable to Defendant Michels Corporation

27. Alternatively, Defendant Weatherman was unfit to drive a vehicle and Defendant Michels was reckless in employing him or retaining him to do so, thereby making any award of punitive damages against Defendant Weatherman imputable to Defendant Michels Corporation.

## COUNT III
### *Direct Negligence Against Defendant Michels Corporation*

28. Plaintiff realleges paragraphs 1-27 of this Complaint and hereby incorporates them by reference as if fully set forth herein

29. Defendant Michels Corporation owed a duty to the Plaintiffs and Danielle McCollam to exercise reasonable care in the carrying on of its business, in hiring, retaining and supervising its employees.

7

30. Defendant Michels Corporation recklessly and/or negligently departed from the proper standard of care and breached its duty to the Plaintiffs and Danielle McCollam in the following manner:

   (a) By hiring Defendant Weatherman as an employee, when it knew or should have known of his lengthy criminal history related to driving offenses;

   (b) By retaining Defendant Weatherman as an employee, when it knew or should have known of his lengthy criminal history related to driving offenses;

   (c) By failing to properly supervise its employee, Defendant Weatherman; and

   (d) By allowing Defendant Weatherman to drive within the scope of him employment, when it knew or should have known of his lengthy criminal history related to driving offenses.

31. Defendant Michel Corporation's breach(es) of the standard of reasonable were reckless and/or negligent and the proximate cause of injuries and damages sustained by the Plaintiffs and Danielle McCollam.

32. As a direct and proximate cause of the Defendant Michel Corporation's recklessness and/or negligence, the Plaintiffs and Danielle McCollam have sustained injuries, including, but not limited to, economic loss and the loss of Danielle's love, support, comfort, aid, counsel, society, companionship, guidance and services, the loss of income, and pain and suffering; and Danielle's pre-impact fear; post-impact fright; severe emotional distress, and conscious pain and suffering prior to his death; property damage to her vehicle; and funeral expenses, all of which are compensable under South Dakota law.

WHEREFORE, Plaintiffs respectfully pray for damages against the Defendants as follows:

(1) For Plaintiffs' compensatory, general, punitive and special damages in an amount that the jury to compensate Plaintiffs, as the Special Administrators of the Estate of Danielle McCollam, for all injuries sustained as a result of the conduct of the Defendants described above;

(2) For burial, funeral and other allowed special damages Plaintiffs have incurred as a result of the wrongful death of Danielle McCollam;

(3) For Plaintiffs' costs and disbursements;

(4) For pre-judgment and post-judgment interest; and

(5) For such other and further relief as the Court determines to be just and proper.

Dated this 13th day of December, 2016.

JOHNSON, JANKLOW, ABDALLAH, REITER, & PARSONS, L.L.P.

BY _____
Steven M. Johnson (steve@janklowabdallah.com)
Shannon R. Falon (shannon@janklowabdallah.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

*Attorneys for the Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully demand a trial by jury on all issues so triable.

_____
Steven M. Johnson
Shannon R. Falon